# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOSEA CHAMPINE,<br><br>        Plaintiff,<br><br>v.<br><br>JESSICA PURCELL,<br><br>        Defendant. | Civil Action No. 13 - 604<br><br>District Judge Nora Barry Fischer /<br>Magistrate Judge Lisa Pupo Lenihan |

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the Complaint in the above-captioned case be dismissed without prejudice based upon Plaintiff's failure to prosecute this action.

**II.    REPORT**

Plaintiff instituted this action on April 29, 2013 by sending the Court a Complaint with a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) Said Motion was granted and Plaintiff's Complaint was filed on May 14, 2013. (ECF No. 2.) On May 16, 2013, the Court entered a text Order directing Plaintiff to provide to the Court for each named Defendant a true and correct copy of the Complaint, a completed U.S. Marshal 285 Form, and Notice of Lawsuit and Request for Waiver of Service of Summons Form, no later than May 30, 2013. The Text Order dated May 16, 2013 further informed Plaintiff that if she failed to provide these documents by the due date, such failure may result in a recommendation to the District Judge that the case be dismissed for failure to prosecute. As of June 12, 2013, Plaintiff has failed to file any of the above documents.

1

On November 13, 2014 the Court issued an Order that a Show Cause Hearing was scheduled for December 1, 2014 in Courtroom 7B. The Order stated that, "should plaintiff not appear at the hearing scheduled for December 1, 2014, a report will be issued recommending this case be dismissed for failure to prosecute." Plaintiff did not appear, nor has he responded to the show cause order.

This case has been lingering since April 2013 solely through the fault of the Plaintiff, and should not be allowed to linger any longer. The Court cannot properly control its docket, move this action forward and properly protect the rights of all parties if the Plaintiff fails to comply with orders issued by this Court and fails to act to move his case forward.

A federal court has the discretion to dismiss a proceeding *sua sponte* based on a party's failure to prosecute the action. Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962); Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). Specifically, a plaintiff's failure to comply with a court order constitutes a failure to prosecute this action and therefore this action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b), which states in pertinent part:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

A district court has the power to dismiss a claim of a plaintiff pursuant to Fed.R.Civ.P. 41(b) for failure to comply with an order of the court. *See, e.g.*, Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.) (affirming district court's dismissal with prejudice of *pro se* prisoner's civil rights complaint for

failure to comply with district court local rule providing failure of opposing party to file memorandum of points and authorities in opposition to any motion would constitute consent to granting motion), *cert. denied*, 516 U.S. 838 (1995); American Inmate Paralegal Assoc. v. Cline, 859 F.2d 59, 61 (8th Cir.) (dismissal with prejudice of inmate's civil rights action for failure to comply with court order not abuse of discretion), *cert. denied*, 488 U.S. 996 (1988). In upholding the district court's dismissal of a *pro se* plaintiff's civil rights case under Rule 41(b), the Court of Appeals for the Sixth Circuit noted that "dismissal is appropriate when a pro se litigant has engaged in a clear pattern of delay." Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). The court further commented that "[w]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id*. at 109. In short, a pro se litigant's failure to comply with a court order is not the same thing as "inartful pleading or a[ ] lack of legal training." *Id*. at 110.

Consistent with this reasoning, the federal courts in this Circuit have held that a *pro se* plaintiff's failure to respond to an opposing party's motion to dismiss or motion for summary judgment motion provides a basis for dismissing an action for failure to prosecute. *See, e.g.,* Shipman v. Delaware, 381 Fed. App'x 162, 164 (3d Cir. 2010); Jackson v. U.S. Bankruptcy Court, 350 Fed. App'x 621, 625 (3d Cir. 2009) (concluding that District Court did not abuse its discretion in dismissing this case for failure to prosecute based on, *inter alia*, plaintiff's failure to respond to three pending motions to dismiss); Allen v. American Federation of Government Employees, 317 Fed. App'x 180, 181 (3d Cir. 2009) (holding that district court did not abuse its discretion in dismissing complaint without explicitly weighing the Poulis factors when plaintiff failed to file an amended complaint as ordered by the court); Gagliardi v. Courter, 144 Fed. App'x 267 (3d Cir. 2005) (holding

that district court did not abuse its discretion by dismissing, for failure to prosecute, a complaint where plaintiff failed to respond to motion to dismiss for more than three months and plaintiff did not appear to have a meritorious cause of action); Muslim v. Frame, 854 F. Supp. 1215, 1221 (E.D. Pa. 1994); Wade v. Wooten, No. 90-2373, 1993 WL 298715, at *6 (E.D. Pa. July 30, 1993); Gay v. Wright, No. 90-0770, 1990 WL 145553, at *3-4 (E.D. Pa. Sept. 27, 1990); Padro v. Heffelfinger, 110 F.R.D. 333-35 (E.D. Pa. 1986).

In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

(1) extent of the party's personal responsibility;

(2) prejudice to the adversary;

(3) a history of dilatoriness;

(4) whether the conduct of the party or the attorney was willful or in bad faith;

(5) effectiveness of sanctions other than dismissal; and

(6) meritoriousness of the claim or defense.

In weighing the Poulis factors, the established presumption is that doubts should be resolved in favor of reaching a decision on the merits. Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984). Notwithstanding, although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a claim); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (it is not necessary that all of the factors point toward a default

before that sanction will be upheld). Under these directives, this Court will analyze the present action to determine whether it should be dismissed based on Plaintiff's failure to prosecute.

First, in consideration of the Plaintiff's responsibility, the court notes that the Plaintiff is proceeding *pro se*. Thus, Plaintiff is solely responsible for his failure to respond.

Secondly, Plaintiff has prejudiced Defendant since his failure to timely pursue the case will make it difficult for Defendant to gather witnesses and documents in her defense. Thirdly, Plaintiff has not made any effort to move this case forward and has ignored this Court's Orders. This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion. Fourthly, Plaintiff's failure to respond is willful. There is no indication that he failed to receive the order for a Show Cause Hearing. It was sent to his address of record via certified mail and was not returned to the clerk. The responsibility for his failure to respond to the order in question is Plaintiff's alone. Accordingly, the court can infer that this failure is willful. Fifthly, there are no alternative sanctions which would adequately punish the plaintiff for his failure to answer defendant's motion; imposing a monetary sanction on the prisoner would not be effective as he appears to be impecunious. Finally, in reviewing Plaintiff's Complaint, it does not appear that he has set forth any grounds upon which relief may be granted. He complains that he was fired from his job but does not allege any reasons for the firing. As Pennsylvania is an at will employment state there are no laws precluding someone from being fired, except for a discriminatory reason, which Plaintiff has not alleged. In addition, there are administrative remedies which must be pursued if the firing was for a discriminatory reason and there is no indication that was done.

In conclusion, all of the six Poulis factors weigh heavily in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed without prejudice for Plaintiff's failure to

prosecute it. To the extent Plaintiff disagrees, he should file objections to this recommendation forthwith.

**III. CONCLUSION**

Based on the discussion above, it is respectfully recommended that this action be dismissed for failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and the Local Rules, the parties are allowed fourteen (14) days from the date of service to file written objections to this report. Any party opposing the objections shall have 14 days from the date of service of the objections to respond thereto. Failure to timely file objections will constitute a waiver of any appellate rights.

                                                                s/Lisa Pupo Lenihan
                                                                 Lisa Pupo Lenihan
                                                                 U.S. Magistrate Judge

Dated: December 3, 2014

cc:    **HOSEA CHAMPINE**
       210 Oliver Street
       Duquesne, PA 15110